WILMORE D. HARMON *vs.* MARY V. HARMON.

*Divorce—Expenses of suit—Petition of Wife; Sufficiency of—Allegation of Marriage—Separation, not Necessary.*

Where the petition for divorce alleges that the petitioner and respondent were married, and are separated, it is not necessary that the petition of the wife for expenses of suit should aver that they were married, and are separated. Even where the wife is living with her husband, but is without funds, her petition for expenses may be granted.

(*November 1, 1904.*)

LORE, C. J., and GRUBB, J., sitting.

*W. Watson Harrington* for libellant.

*Arley B. Magee* for respondent.

Superior Court, Kent County, October Term, 1904.

LIBEL FOR DIVORCE (No. 31, October Term, 1904).

The respondent, through her attorney, filed the following petition, namely: "The petition of Mary V. Harmon, of Kent County and State of Delaware, respectfully represents: That her husband, Wilmore D. Harmon, has brought suit in divorce against her at this present term of Court and that she was duly served with the summons in said case at least 30 days before the beginning of the present term of this honorable Court; that she is a woman wholly without property either real or personal or income from any source, and that her husband, Wilmore D. Harmon, is the owner of considerable real and personal estate; that she is desirous to defend said suit as brought by her husband against her, but being without any means with which to employ counsel or to support herself during the proceedings, prays this honorable Court to make an order on said Wilmore D. Harmon to pay to your said petitioner a reasonable allowance for her sustenance pending the suit

for divorce; and further, that this honorable Court will make an order directing said Wilmore D. Harmon to pay such reasonable sum as to this Court may seem proper and necessary, to defray the expenses of your petitioner in conducting her said case, and as in duty bound your petitioner will ever pray, etc."

*Harrington,* for the libellant, objected to the above petition as insufficient on the ground that it failed to state the fact of the marriage, or that she was living separate from her husband or that she had no means of support.

GRUBB, J.:—You allege in your petition for divorce, filed· in this case, that they are married. Is not that an acknowledgment of record of the marriage?

*Mr. Harrington:*—Even admitting that, still there is no allegation that there was any voluntary separation. I simply say· in the petition filed in the case that she was arrested and placed in jail on his complaint by reason of her cruelty to him. Such a separation is not the separation contemplated by law in divorce cases.

LORE, C. J.:—You have disclosed in your petition that this woman is the wife of your client and is in jail upon your client's complaint and thus separated from her husband. She avers in her petition that she has no means of support. Even where the wife is living with her husband, but is without funds, we have granted her petition for expenses of suit.

We make the order that the libellant pay the petitioner twenty dollars for expenses and four dollars a month for alimony; the twenty dollars to be paid within sixty days and the first payment of alimony to be made on the first day of December next.